1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BENJAMIN ADKINS,

11            Petitioner,                    No. CIV S-05-1501 JAM CHS P

12        vs.

13   TOM L. CAREY, et al.,

14            Respondents.        FINDINGS AND RECOMMENDATIONS

15   _____/

16                        I.  INTRODUCTION

17            Petitioner Benjamin Adkins, a state prisoner, proceeds pro se with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the execution of the 15

19   years to life indeterminate prison term he is currently serving, and specifically, the March 6, 2002

20   decision of the state parole authority that he was not suitable for parole.  Based on a thorough

21   review of the record and applicable law, it is recommended that the petition be denied.[1]

22                        II.  BACKGROUND

23            In 1981, petitioner was convicted by jury of second degree murder and sentenced

24   to a term of 15 years to life in state prison.  His minimum eligible parole date passed on March 1,

25   _____

26        [1] These findings and recommendations supercede the July 29, 2010 findings and
     recommendations, which were vacated on January 27, 2011.

1

1   1989.  On March 6, 2002 , a panel of the Board of Prison Terms (hereinafter "Board") conducted

2   a hearing to determine petitioner's suitability for parole.  The Board concluded that petitioner

3   would pose an unreasonable risk of danger to society or a threat to public safety if released, and

4   thus that he was not suitable for parole.

5           Petitioner challenged the Board's decision in an administrative appeal, which was

6   denied on February 11, 2003.  He also filed a petition for writ of habeas corpus to the Solano

7   County Superior Court.  The Solano County Superior Court denied the petition in a written

8   decision dated November 5, 2003.  Petitioner further sought relief in the California Court of

9   Appeal and the California Supreme Court; those petitions were likewise denied.

10              III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

11          An application for writ of habeas corpus by a person in custody under judgment of

12  a state court can be granted only for violations of the Constitution or laws of the United States.

13  28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v.*

14  *Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)).

15  This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to,

16  the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521

17  U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).  Under

18  AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in

19  state court proceedings unless the state court's adjudication of the claim:

20              (1) resulted in a decision that was contrary to, or involved an
                unreasonable application of, clearly established Federal law, as
21              determined by the Supreme Court of the United States; or

22              (2) resulted in a decision that was based on an unreasonable
                determination of the facts in light of the evidence presented in the
23              State court proceeding.

24  28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v.*

25  *Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

26  /////

2

IV.  CLAIMS PRESENTED

Petitioner claims generally that the Board's denial of parole violated his right to due process (ground four); that insufficient evidence supported the Board's decision (grounds one and two); and that the Board violated state law by exceeding the statutory matrix for uniform base terms (ground three).

For purposes of this opinion, each of petitioner's grounds for relief will be addressed together in a single discussion regarding the process due under federal law at a parole suitability hearing in California.

V.  EXHAUSTION

Before proceeding with a federal habeas corpus petition, a state prisoner must first exhaust state court remedies.  28 U.S.C. § 2254(b); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).  Exhaustion requires that the federal claim be fairly presented to the state's highest court to which appeal is available.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-47 (1999).

In this case, petitioner's pro se habeas corpus petition to the California Supreme Court was denied on March 23, 2005 with a citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995) and no additional explanation.  Respondent contends that the California Supreme Court's denial of the petition with citation to *Duvall* demonstrates that the petition was procedurally defective, and thus, that the exhaustion requirement was not satisfied.

In *Duvall*, at the cited page, the California Supreme Court held that a habeas corpus petitioner must "state fully and with particularity the facts on which relief is sought," and must also "include copies of reasonably available documentary evidence supporting the claim." 9 Cal.4th at 474.  Thus, petitioner's filing to the California Supreme Court was procedurally deficient.  Claims denied as procedurally deficient are not per se exhausted.  *See Harris v. Superior Court of State of Cal., Los Angeles County*, 500 F.2d 1124 (9th Cir. 1974) (en banc); *Kim v. Villalobos*, 799 F.2d 1317, 1319-20 (9th Cir. 1986).  Thus the California Supreme Court's

3

1   citation to *Duvall* does not end this court's inquiry.

2          Where a prisoner proceeding pro se is unable to meet the state rule that his claims

3   be pleaded with particularity, he may be excused from complying with the exhaustion rule.

4   *Harmon v. Ryan*, 959 F.2d 1457, 1462 (9th Cir. 1992) (citing *Kim*, 799 F.2d at 1321). "It is...

5   incumbent upon [the federal court presented with the petition], in determining whether the

6   federal standard of 'fair presentation' of a claim to the state courts has been met," to

7   independently review a petition for sufficient particularity. *Kim*, 799 F.2d at 1320 (9th Cir.

8   1986). "Fair presentation" to the state's highest court requires only that the claims be pleaded

9   with as much particularity as is practicable. *Kim*, 799 F.2d at 1320.

10         In this case, the relevant petition filed to the California Supreme Court is not

11  before this court in order for a determination to be made whether petitioner's claims were fairly

12  presented. Nevertheless, it will be recommended that habeas corpus relief be denied on the

13  merits, because it is clear that petitioner's claims are not colorable. *See* 28 U.S.C. § 2254(b)(2)

14  ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the

15  failure of the applicant to exhaust the remedies available in the courts of the State"); *Cassett v.*

16  *Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may

17  deny an unexhausted claim on the merits when it is perfectly clear that the claim is not

18  "colorable").

19                                    VI.  DISCUSSION

20         The Due Process Clause of the Fourteenth Amendment prohibits state action that

21  deprives a person of life, liberty, or property without due process of law. A person alleging a due

22  process violation must first demonstrate that he or she was deprived of a protected liberty or

23  property interest, and then show that the procedures attendant upon the deprivation were not

24  constitutionally sufficient. *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 459-60

25  (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

26  /////

4

1    A protected liberty interest may arise from either the Due Process Clause itself or

2    from state laws. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States

3    Constitution does not, in and of itself, create for prisoners a protected liberty interest in the

4    receipt of a parole date. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of*

5    *Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

6    person to be conditionally released before expiration of a valid sentence."). Where a state's

7    statutory parole scheme uses mandatory language, however, it "'creates a presumption that parole

8    release will be granted' when or unless certain designated findings are made," thereby giving rise

9    to a constitutional liberty interest. *McQuillion*, 306 F.3d at 901 (*quoting Greenholtz*, 442 U.S. at

10   12). California's parole statutes give rise to a liberty interest that is protected by the federal due

11   process clause. *See, e.g., Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010)

12   (overruled on other grounds); *see also Swarthout v. Cooke*, No. 10-333, slip op. at 4 (U.S.

13   January 24, 2011) ("the Ninth Circuit held that California law creates a liberty interest in

14   parole[.] While we have no need to review that holding here, it is a reasonable application of our

15   cases.) (citations omitted).

16   The full panoply of rights afforded a defendant in a criminal proceeding is not

17   constitutionally mandated in the context of a parole proceeding. *See Pedro v. Or. Parole Bd.*,

18   825 F.2d 1396, 1398-99 (9th Cir. 1987); *see also Swarthout*, slip op. at 4 ("In the context of

19   parole, we have held that the procedures required are minimal.")   The Supreme Court has held

20   that a parole board's procedures are constitutionally adequate if the inmate is given an

21   opportunity to be heard and a decision informing him of the reasons he did not qualify for parole.

22   *Swarthout*, slip op. at 4-5 (citing *Greenholtz*, 442 U.S. at 16).

23   Additionally, as a matter of *state* law, denial of parole to California inmates must

24   be supported by at least "some evidence" demonstrating future dangerousness. *See, e.g., In re*

25   *Lawrence*, 44 Cal.4th 1181 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

26   California's requirement that "some evidence" support a parole decision, however, is a

1 | substantive requirement that is not protected by the federal due process clause. *Swarthout*, slip

2 | op. at 5. Rather, in the parole suitability context, "the only federal right at issue is procedural."

3 | *Id*. at 6.

4 |       In this case, the record reflects that petitioner was present at his March 6, 2002

5 | parole suitability hearing, that he participated in the hearing, and that he was provided with the

6 | reasons for the Board's decision to deny parole. As discussed, due process requires no more,

7 | thus petitioner's ground four fails. Petitioner's grounds one and two also fail because the

8 | sufficiency of evidence supporting the Board's decision is a matter of state law that will not be

9 | reviewed here. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province

10 | of a federal habeas court to reexamine state-court determinations on state-law questions").

11 | Likewise, no relief is available for petitioner's ground three, asserting that the Board violated

12 | state law by refusing to apply California's sentencing matrix. *See Id*. Petitioner is not entitled to

13 | relief for any of his claims.

14 | VII.  CONCLUSION

15 |       For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

16 | application for writ of habeas corpus be DENIED.

17 |       These findings and recommendations are submitted to the United States District

18 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-

19 | one days after being served with these findings and recommendations, any party may file written

20 | objections with the court and serve a copy on all parties. Such a document should be captioned

21 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

22 | shall be served and filed within seven days after service of the objections. Failure to file

23 | objections within the specified time may waive the right to appeal the District Court's order.

24 | *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

25 | 1991).

26 | DATED: February 10, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE

6